UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LUCILA ACEVEDO-ROJAS,

                Petitioner,

v.

LOWELL CLARK, et al.,

                Respondents.

CASE NO. C14-1323-JLR-MAT

REPORT AND RECOMMENDATION

## INTRODUCTION

Petitioner Lucila Acevedo-Rojas, a native and citizen of Mexico, has been detained by U.S. Immigration and Customs Enforcement ("ICE") since June 7, 2014, under a reinstated order of removal. (*See* Dkts. 1 & 9-1 at 9-11.) An asylum officer found that petitioner had a reasonable fear of returning to Mexico and placed her in withholding-only proceedings, which are ongoing. (Dkt. 9-1 at 19-21.) During her detention, she has not received an individualized bond hearing before an Immigration Judge ("IJ").

Proceeding *pro se*, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking a bond hearing. (Dkt. 1.) Respondents have filed a return memorandum and motion to dismiss, arguing petitioner's detention is statutorily authorized and she is not

REPORT AND RECOMMENDATION
PAGE - 1

entitled to a bond hearing. (Dkt. 9.) Petitioner did not file a response. For the reasons discussed below, the Court recommends that respondents' motion to dismiss be granted, petitioner's habeas petition be denied, and this matter be dismissed with prejudice.

## BACKGROUND

Petitioner first entered the United States without inspection on May 15, 2014. (*See* Dkt. 9-1 at 2-4.) She was encountered by immigration authorities, processed for expedited removal, and removed to Mexico that same day. (*Id.* at 6-7.) Petitioner returned to the United States, again without inspection, and was encountered by immigration authorities on June 5, 2014. (*Id.* at 9-11.) On or about June 7, 2014, she was detained by ICE and served with a Notice of Intent/Decision to Reinstate Prior Order. (*Id.* at 13.)
Petitioner expressed a fear of return to Mexico and was referred to an asylum officer, who found that her fear was reasonable and placed her in withholding-only proceedings. (*Id.* at 19-21.) Petitioner was scheduled for a withholding-only hearing before an Immigration Judge on October 29, 2014. (*Id.* at 18.) The parties have not yet apprised the Court of the outcome of that hearing.

## DISCUSSION

Petitioner's case raises questions regarding the statutory and regulatory provisions governing reinstatement of removal orders, withholding of removal, and detention of aliens during removal proceedings and after removal has been ordered. The Court must decide (1) the statutory basis for petitioner's detention in light of her reinstated removal order and pending withholding-only proceedings; and (2) whether her detention comports with due process

requirements.[1]  For the reasons discussed below, the Court concludes that petitioner is lawfully detained pursuant to 8 U.S.C. § 1231(a), and that at this time, she is not entitled to a bond hearing before an IJ.

A.      Reinstatement and Withholding-Only Proceedings

If an alien removed pursuant to a removal order subsequently reenters the United States illegally, the original removal order may be reinstated by an authorized official.  *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 487 (9th Cir. 2007) (en banc); 8 C.F.R. § 241.8.  To reinstate a removal order, the Department of Homeland Security ("DHS") must comply with the procedures set forth in 8 C.F.R. § 241.8(a) and (b).[2]  *Oritz-Alfaro v. Holder*, 649 F.3d 955, 956 (9th Cir. 2012).  When DHS reinstates a removal order, "the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry."  8 U.S.C. § 1231(a)(5).

Section 241.8(e), however, "creates an exception by which an alien who asserts 'a fear of returning to the country designated' in his reinstated removal order is 'immediately' referred to an asylum officer who must determine if the alien has a reasonable fear of persecution or torture in accordance with 8 C.F.R. § 208.31."  *Ortiz-Alfaro*, 694 F.3d at 956.  If the asylum officer

---

[1] The Honorable James P. Donohue recently addressed these same questions in Report and Recommendations in *Cerna-Anaya v. Asher*, No. 14-807-RSL, Dkt. 20 (W.D. Wash. July 29, 2014); *Mendoza v. Asher*, No. 14-811-JCC, Dkt. 11 (W.D. Wash. Aug. 13, 2014); *Giron-Castro v. Asher*, No. 14-867-JLR, Dkt. 17 (W.D. Wash. Aug. 19, 2014); and *Sandoval Nunez v. Johnson*, No. 14-1104-JLR, Dkt. 13 (W.D. Wash. Oct. 10, 2014).  In *Mendoza*, the Honorable John C. Coughenour adopted Judge Donohue's recommendation with amendment.  In *Giron-Castro*, the Honorable James L. Robart adopted Judge Donohue's recommendation without amendment.  Judge Donohue's recommendations in *Cerna-Anaya* and *Sandoval Nunez* are still pending.

[2] These procedures include obtaining the prior order related to the alien, confirming that the alien is the same alien who was previously removed, and confirming that the alien unlawfully reentered the United States.  8 C.F.R. § 241.8(a).  An immigration officer must then give the alien written notice of the determination that the alien is subject to removal and provide him with an opportunity to make a statement contesting the determination.  8 C.F.R. § 241.8(b).  If these requirements are met, 8 C.F.R. § 241.8(c) provides that the alien "shall be removed" under the prior removal order.

finds that the alien has not established a reasonable fear of persecution or torture, and an IJ affirms this determination, the matter is returned to DHS for execution of the reinstated order of removal without the opportunity to appeal to the Board of Immigration Appeals ("BIA"). 8 C.F.R. § 208.31(g). On the other hand, if the asylum officer makes a positive reasonable fear determination, as in petitioner's case, the matter is referred to an IJ "for consideration of the request for withholding of removal only." 8 C.F.R. § 208.31(e). The IJ's decision to grant or deny withholding of removal may be appealed to the BIA. 8 C.F.R. § 208.31(g)(2)(ii).

In withholding-only proceedings, the jurisdiction of the IJ is limited to consideration of whether the alien is entitled to withholding or deferral of removal. 8 C.F.R. § 1208.2(c)(3)(i). Indeed, "all parties are prohibited from raising or considering any other issues, including but not limited to issues of admissibility, deportability, eligibility for waivers, and eligibility for any other form of relief." *Id.* If the IJ grants the alien's application for withholding of removal, the alien may not be removed to the country designated in the removal order but may be removed to an alternate country. *See* 8 U.S.C. § 1231(b)(2)(E); 8 C.F.R. § 1208.16(f); *Lanza v. Ashcroft*, 389 F.3d 917, 933 (9th Cir. 2004).

While withholding-only proceedings are pending before the IJ or the BIA, DHS cannot execute a reinstated removal order. *See Ortiz-Alfaro*, 694 F.3d at 957; 8 U.S.C. § 1231(b)(3) ("[T]he Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion.").

B.  Statutory Authority for Immigration Detention

As noted above, the Court must determine the statutory basis for petitioner's detention, specifically whether it is governed by 8 U.S.C. § 1226(a) or 8 U.S.C. § 1231(a). "Where an alien

falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008).

Section 1226(a) provides for discretionary detention "pending a decision on whether the alien is to be removed from the United States," and authorizes ICE to release aliens on bond. 8 U.S.C. § 1226(a). Section 1231, on the other hand, governs "detention, release, and removal of aliens ordered removed." 8 U.S.C. § 1231(a). It authorizes detention in only two circumstances. "*During* the removal period," the Attorney General "shall" detain the alien. 8 U.S.C. § 1231(a)(2) (emphases added). "*[B]eyond* the removal period," the Attorney General "may" continue to detain certain aliens specified in the statute, or release them under an order of supervision. 8 U.S.C. § 1231(a)(6); *Prieto-Romero*, 534 F.3d at 1059. The "removal period" generally lasts 90 days, and it begins on the latest of the following: (1) the date the order of removal becomes final; (2) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; or (3) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

C.      Petitioner's Detention is Governed by 8 U.S.C. § 1231(a)

The threshold issue raised in this habeas action is whether an alien who is subject to a reinstated order of removal and expresses a fear of persecution is detained pursuant to § 1226(a) or § 1231(a). Because § 1231(a) expressly governs detention of aliens during and beyond the removal period, the Court concludes that the answer to this question turns on whether the removal period has been triggered. As discussed below, the Court finds that petitioner's reinstated removal order is administratively final, and therefore she is detained pursuant to §

REPORT AND RECOMMENDATION
PAGE - 5

1231(a).

The Ninth Circuit has not considered whether a reinstated order of removal is administratively final despite ongoing withholding of removal proceedings, and to the Court's knowledge, neither have any other courts of appeals.[3] District court judges who have addressed the issue in procedurally similar cases have come to different conclusions. Three judges have concluded that § 1231(a) does not apply while administrative proceedings are ongoing. *Mendoza v. Asher*, No. 14-811-JCC, Dkt. 14 (W.D. Wash. Sept. 16, 2014) (reinstated removal order was not administratively final because withholding-only proceedings remained pending); *Uttecht v. Napolitano*, No. 8:12CV347, 2012 WL 5386618, at *1-*2 (D. Neb. Nov. 1, 2012) (same); *Pierre v. Sabol*, No. 1:11-CV-2184, 2012 WL 1658293, at *4 (M.D. Pa. May. 11, 2012) (same).[4]

In *Mendoza*, the court based its finding that § 1226(a) governed the petitioner's detention on the district court cases that had previously decided the issue, and on its conclusion that the language in *Ortiz-Alfaro* is not clearly limited to determinations of judicial review. No. 14-811-JCC, Dkt. 14 at 3-4.

In *Uttecht*, the court found that the date of reinstatement typically serves as the date of the final order of removal; however, the petitioner's reinstated removal order was not

---

[3] In *Ortiz-Alfaro*, the Ninth Circuit held that, in order to preserve judicial review over petitions challenging administrative determinations on withholding-only proceedings, "where an alien pursues reasonable fear and withholding of removal proceedings following the reinstatement of a prior removal order, the reinstated removal order does not become final until the reasonable fear of persecution and withholding of removal proceedings are complete." 694 F.3d at 958. Because the Ninth Circuit was considering whether the reinstated removal order was *final for purposes of judicial review*, this decision is not binding on the Court's determination of whether petitioner's reinstated removal order is *administratively final*.

[4] Two other district courts have found that a petitioner who subject to a reinstated removal order but in withholding-only proceedings is detained pursuant to § 1226(a); however in both of these cases, respondents conceded that the reinstated removal order was not administratively final. *Castillo v. ICE Field Office Director*, 907 F. Supp. 2d 1235, 1241 (W.D. Wash. 2012) (Pechman, J.) (petitioner's detention was governed by § 1226(a) where respondent conceded he was not subject to a final reinstated order of removal given that his application for withholding of removal was pending); *Lopez v. Napolitano*, No. 1:12-cv-01750 MJS (HC), 2014 WL 1091336, at *3 (E.D. Cal. Mar. 18, 2014) (same). Thus these cases are not helpful to the Court's determination here.

administratively final because her removal was delayed pending an administrative decision on the withholding-only proceedings. 2012 WL 5386618, at *2 (citing *Pierre*, 2012 WL 1658293, at *4, and *Bah v. Cangemi*, 489 F. Supp. 2d 905, 915-18 (D. Minn. 2007) (analyzing a similar circumstance in which the "removal order is no longer administratively final")). Rather, the court found that "the administrative order in her case will only be final when the Board of Immigration Appeals affirms the order or when the period in which such an appeal can be requested expires." *Id.* (citing 8 U.S.C. § 1101(a)(47)(B) (defining when a removal order is final)).

In *Pierre*, the court based its decision on the overarching differences between § 1226 and § 1231. *Pierre*, 2012 WL 1658293, at *4. The court found that § 1226 "governs detention while removal proceedings are ongoing," whereas § 1231 "governs detention after removal has become certain." *Id.* (citing *Leslie v. Attorney General*, 678 F.3d 265 (3d Cir. 2012)). Accordingly, the court concluded that because petitioner's application for withholding of removal was pending before an IJ, the decision on whether he will be removed from the United States had not yet been made, and therefore the reinstated order of removal was not administratively final. *Id.*

In contrast to *Mendoza*, *Uttecht*, and *Pierre*, the court in *Giron-Castro v. Asher* concluded that the petitioner's reinstated removal order was administratively final despite his pending withholding-only proceedings. No. 14-867-JLR, Dkt. 22 (W.D. Wash. Oct. 2, 2014). The court found that *Ortiz-Alfaro* did not establish whether the petitioner's reinstated removal order was administratively final because that case involved the question of judicial finality. *Id.* at 5. The court also found that the reasoning of *Uttecht* and *Pierre* was unpersuasive.

This Court agrees with *Giron-Castro*. The cases concluding that reinstated removal orders are not administratively final where withholding-only proceedings are pending are at odds

REPORT AND RECOMMENDATION
PAGE - 7

with the statute governing reinstated removal orders. *Id.* at 5-6. Section 1231(a)(5) provides that "the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed." Thus the reinstated removal order relates back to the date of the original removal order—an administratively final order—and is itself administratively final because it cannot be reopened or reviewed. Indeed, as respondents assert, even if an alien is granted withholding of removal, that relief is only country specific and will have no effect on the validity of the reinstated removal order. Although such an alien can no longer be removed to the country specified in the removal order, the alien can still be removed from the United States.

The *Uttecht* and *Pierre* decisions also conflate administrative finality of the reinstated order of removal with administrative finality of the withholding-only proceedings. Because the outcome of the withholding-only proceedings does not affect the validity of the reinstated removal order, these are two separate inquiries. Moreover, reading § 1231(a)(5) in conjunction with § 1231(b)(3), which prohibits removal to a country where the alien's life or freedom would be threatened because of the alien's race, religion, nationality, social group membership, or political opinion, does not establish that the reinstated removal order is non-final. While § 1231(b)(3) puts limitations on *where* an alien may be removed, it does not disturb § 1231(a)(5)'s mandate that an alien subject to a reinstated removal order "shall be removed" from the United States.

The Court notes that in the regulations governing reinstatement, there is an "exception" for withholding of removal, which states:

> If an alien whose prior order of removal has been reinstated under this section expresses a fear of returning to the country designated in that order, the alien shall be immediately referred to an asylum officer for an interview to determine whether the alien has a reasonable fear of persecution or torture pursuant to § 208.31 of this chapter.

REPORT AND RECOMMENDATION
PAGE - 8

8 C.F.R. § 241.8(e).  Notably, this exception for withholding of removal does not include the same language as the only other exception to reinstatement provided in the regulations:

> If an alien who is otherwise subject to this section has applied for adjustment of status under either . . . the Haitian Refugee Immigrant Fairness Act of 1998 . . . or . . . the Nicaraguan Adjustment and Central American Relief Act . . . , the provisions of [§ 1231(a)(5)] *shall not apply*.  The immigration officer *may not reinstate the prior order in accordance with this section unless and until a final decision to deny the application for adjustment has been made*.

8 C.F.R. § 241.8(d) (emphases added).  The absence of a similar prohibition on reinstatement of the original removal order in § 241.8(e) indicates that while the exception for withholding of removal may prevent execution of the reinstated removal order to comply with § 1231(b)(3) (prohibiting removal to a country where the alien's life or freedom would be threatened because of the alien's race, religion, nationality, social group membership, or political opinion), it is not an exception to reinstatement itself.

Given the language of § 1231(a)(5) prohibiting reopening and review, the Court concludes that petitioner's reinstated removal order was administratively final at the time it was reinstated.  Petitioner's pending withholding-only proceedings will not affect the validity of the reinstated removal order, and therefore they do not make the reinstated order non-final.  Because petitioner is subject to an administratively final order of removal, her detention is authorized by § 1231(a), not by § 1226(a).[5]

D.   <u>Petitioner is not yet entitled to a bond hearing</u>

Petitioner has been detained for more than 90 days, and thus her detention falls under § 1231(a)(6), which entitles the government to detain aliens beyond the 90-day removal period, or

---

[5] The Court recognizes that this conclusion is contrary to the Honorable Marsha J. Pechman's decision in *Castillo*.  In *Castillo*, however, the respondents conceded that the petitioner's reinstated removal order was not yet final.  Accordingly, Judge Pechman did not have the opportunity to decide the threshold issue regarding administrative finality.

REPORT AND RECOMMENDATION
PAGE - 9

release them on supervision. In *Zadvydas v. Davis*, the Supreme Court held that § 1231(a)(6) implicitly limits an alien's detention to a period reasonably necessary to bring about that alien's removal from the United States, and does not permit "indefinite" detention. 533 U.S. 678, 701 (2001). Under *Zadvydas*, "[a]n alien is entitled to habeas relief after a presumptively reasonable six-month period of detention under § 1231(a)(6) only upon demonstration that the detention is 'indefinite'—i.e., that there is 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Diouf v. Mukasey*, 542 F.3d 1222, 1233 (9th Cir. 2008) ("*Diouf I*") (quoting *Zadvydas*, 533 U.S. at 701). In this case, the six-month presumptively reasonable period will not expire until on or about December 7, 2014. Accordingly, petitioner is not entitled to relief under *Zadvydas*.

Similarly, Ninth Circuit authority does not require a bond hearing before the six-month mark. Nevertheless, if petitioner is denied release at her six-month DHS custody review and her release or removal is not imminent, *Diouf v. Napolitano* ("*Diouf II*") dictates that she receive a bond hearing where the government bears the burden of establishing that she presents a flight risk or a danger to the community. 634 F.3d 1081, 1082, 1091 (9th Cir. 2011). Although respondents asserts that *Diouf II* should not be "extended" to petitioner, this argument has previously been rejected. *See Giron-Castro*, No. 14-867-JLR, Dkt. 22. Should petitioner's detention continue beyond the six-month mark without a bond hearing before an IJ, she may file another habeas petition.

## CONCLUSION

For the foregoing reasons, the Court recommends that respondents' motion to dismiss (Dkt. 9) be GRANTED, petitioner's habeas petition (Dkt. 1) be DENIED, and this action be DISMISSED with prejudice. A proposed Order accompanies this Report and Recommendation.

REPORT AND RECOMMENDATION
PAGE - 10

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 5, 2014**.

DATED this 7th day of November, 2014.

Mary Alice Theiler
Chief United States Magistrate Judge